See also 483 F.Supp.2d 1224

**GAY–STRAIGHT ALLIANCE OF OKEE-CHOBEE HIGH SCHOOL, an unincorporated association, and Yasmin Gonzalez, through her parents and next friend, Frankie Michelle Gonzalez, Plaintiffs,**

v.

**SCHOOL BOARD OF OKEECHOBEE COUNTY and Toni Wiersma, individually and in her official capacity as principal of Okeechobee High School, Defendants.**

No. 06–14320 CIV.

United States District Court, S.D. Florida.

April 25, 2007.

David Charles Gibbs, III, Gibbs & Craze, Seminole, FL, for Defendants.

Randall C. Marshall, American Civil Liberties Union Foundation of Florida, Robert Franklin Rosenwald, Jr., Hennessey Law Firm, Miami, FL, for Plaintiffs.

*ORDER ON PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (DE 29)*

LYNCH, United States Magistrate Judge.

**THIS CAUSE** comes before this Court upon an Order of Reference and the above Motion. Having reviewed the Motion, Response, and Reply, this Court finds as follows:

1. The issue presented by the Plaintiffs' Complaint is whether the Defendants' denial of their club violates the Equal Access Act, 20 U.S.C. § 4071. Attached to their Complaint is the club's proposed constitution and by-laws setting forth the purpose and operation of the club. The Defendants have articulated an intent to inquire about the sexual orientation of any club participant, the names of anonymous participants, and participants' personal lives outside the school. The Plaintiffs therefore move for a protective order under Rule 26(c), Fed.R.Civ.P., on the

grounds that such discovery will lead to annoyance, embarrassment, or oppression.

2.   The Plaintiffs articulate a reasonable need for such a protective order.   In their Response the Defendants present various arguments for obtaining this information, but none outweigh the reasons advanced by the Plaintiffs.   Indeed some of the Defendants' arguments reinforce why discretion is warranted in this case, especially for the sake of third party students.   Moreover this Court does not see why this sensitive information is necessary or even relevant to deciding the Plaintiffs' rights under the Equal Access Act in light of alternative sources of information regarding the club.

3.   The Plaintiffs also ask in passing for a protective order preventing the deposition of the lead Plaintiff's mother and grandmother on health-related grounds.   This Court denies this part of the Motion without prejudice to pursing the matter by way of separate motion and after a more concrete dispute arises.

Based on the foregoing, it is hereby,

**ORDERED AND ADJUDGED** that the Motion is **GRANTED**.